BOYER v. UNITED STATES HEALTH & ACCIDENT INS. CO.

(Circuit Court, D. Connecticut.  November 5, 1903.)

No. 536.

1. PLEADING—SUFFICIENCY OF COMPLAINT—MOTION TO STRIKE OUT.
   Allegations of a complaint in an action for breach of a contract appointing plaintiff agent for the procuring of insurance business for defendant considered, and *held* good as against a motion to strike out.

At Law.  On motion to strike out paragraphs 5 and 7 of the first count of the substituted complaint.

Wm. H. Ely and H. C. Webb, for plaintiff.

James H. Webb and Walter Pond, for defendant.

PLATT, District Judge.  The contention is either very simply solved or raises a complicated situation.  Which horn of the dilemma confronts us depends upon a construction of the meaning of paragraph 5 of the first count of the substituted complaint.  I quote the count in its entirety:

"(1) On the first Tuesday of October, A. D. 1902, the plaintiff and defendant entered into a contract in writing, a copy of which contract is hereto attached, and marked 'Exhibit A.'

"(2) Thereafter the plaintiff entered upon the discharge and performance of his duties in accordance with the terms of the contract, Exhibit A, and continued in the faithful discharge of his said duties, and fully performed all the duties imposed upon him by the terms of said contract.

"(3) On the 15th day of May, A. D. 1903, the defendant canceled the contract with the plaintiff without giving him any reason therefor, and in truth and in fact up to that time the plaintiff had fully performed all his duties.

"(4) Between said 1st day of October, 1902, and the 15th day of May, 1903, the plaintiff, by himself and his agents, obtained for the defendant, and there were issued by the defendant by reason of the services and acts of the plaintiff, a large number of policies, which, under the terms of the contract, Exhibit A, had earned for the plaintiff on the 15th day of May, 1903, a large sum of money, to wit, $2,000, which the defendant has never paid to the plaintiff.

"(5) Under the terms of said contract, the business obtained by the plaintiff would, had not the defendant canceled said contract, have netted the plaintiff a large sum of money, to wit, $20,000.00.

"(6) The plaintiff, in obtaining said insurance for the defendant, paid out and expended a large sum of money for expenses necessary and proper for the obtaining of said business, to wit, the sum of $2,000.

"(7) By the act of the defendant the plaintiff has suffered damages to a large amount."

Exhibit A is a voluminous contract between plaintiff and defendant.  The essential parts of it are these.  Defendant, on October 1, 1902, appoints plaintiff its agent to canvass for applications for health and accident insurance.  The territory assigned comprises the states of Rhode Island and Connecticut, and the counties of Westchester and Putnam, in the state of New York.  The "full and complete compensation" for "all business procured" and for "all services performed" is fixed as follows:

"(1) On commercial business, thirty (30) per cent. of the gross premiums on all policies or renewals thereof procured through said agency as aforesaid, which thirty (30) per cent. shall include the cost of collecting said premiums.

"(2) On industrial business, all the proceeds of the policy fee collected by the agent, and five (5) per cent. of the subsequent premiums received on such business in said territory, which five (5) per cent. shall cover the cost of collecting said premiums.

"(3) The further compensation of thirty-five (35) per cent. of the net profits derived by the company from such commercial and industrial business in the aforesaid territory, such net profits to be ascertained in the following manner."

Then follows a mass of detail as to the manner of fixing up the credit and debit sides of the account.

The continuance of the contract is provided for in paragraph "p":

"(p) This contract shall remain in full force and effect only so long as the agent shall faithfully discharge his duties strictly in accordance with all the terms and conditions herein expressed. In event of the cancellation or termination of this contract for any reason, the agent shall be entitled to receive compensation upon the basis hereinbefore provided, only for the period of time up to the date of such cancellation or termination; however, all sums of money due and accrued to said agent at that time shall be retained by the company until it shall appear by the records of the home office of the company that all claims, accounts and expenses of every kind and nature whatsoever, incurred by or with the consent of the company in said territory, during the continuance of this contract, or for which the company is liable, have been fully paid, after which the profits or losses shall be ascertained and shared by the company and agent as hereinbefore provided."

It will be noticed that the defendant canceled the contract on May 15, 1903, without giving any reason therefor, and that up to that time the plaintiff had fully performed all his duties.

It is conceded that form 85 is a proper form to use in the commencement of an action in all cases where any of its clauses contains a general, although defective, statement of the cause of action which the pleader intends to pursue. It is furnished as a time-saving appliance to the pleader who wishes to preserve his client's rights on the instant, but, as it may lead to the most serious complications, its use should not be too lightly invoked. The objection to its use in this case is that none of its provisions form a stock upon which the present complaint can be grafted. The plaintiff vigorously combats that contention.

At this point it must be evident that it becomes of vital importance to know what the pleader had in mind when he prepared paragraph 5. If he means that the work performed and services rendered prior to the cancellation of the contract are worth $20,000, he is, as I view it, clearly within his rights. I understand that to be his meaning, after a careful examination of the line of reasoning set forth in the latter part of the brief filed with me by his counsel, and, so understanding it, paragraphs 5 and 7 of the substituted complaint may stand.

The motion to strike out is therefore denied.

## On the Motion for Bill of Particulars.

The motion is granted in the terms set forth therein, eliminating therefrom, however, on the first page the clause beginning "together with a statement," and ending with "contract," and on the second page beginning at "showing the dates" to the end of the motion.

Let the plaintiff comply with this order within 30 days.